MICHIYO CHEW and STEWART CHEW, Plaintiffs

v.

VIRGILIO G. LOPEZ, LETICIA ESPALDON, GUAM MEMORIAL HOSPITAL, SAINT ANTHONY CLINIC, JUDY TENGAN, R.N., and DOES I THROUGH V, Defendants

Civil No. 483-79
Superior Court of Guam
March 13, 1980

- - - - -

- - - - -

WEEKS, Judge

## DECISION AND ORDER

This matter was submitted for decision without oral argument by stipulation of the parties. Plaintiffs were represented by Timothy Stewart. Defendant Lopez was represented by Ladd Baumann and defendant Tengan was represented by Harry Boertzel.

Defendants Lopez and Tengan have moved to be dismissed from this action pursuant to Rule 12(b)(g). Their motions are more properly treated as Rule 56 summary judgment motions as each has submitted an affidavit in support of the motion.

The basis of each of these motions is identical: that the individual defendants are not within the jurisdiction of the Court by operation of the Government Claims Act, Government Code §6500 et. seq.. Defendants base this reading of the Government Claims Act on dicta from a Superior Court Decision in Manibusan v. Guam Memorial Hospital, Civil Case No 285-78. This decision dated 2 November 1978 held that the Government Claims Act did not apply to Guam Memorial Hospital, but also suggested that the Act "makes Claims Act procedures applicable to suits against individual Government Health Professionals and inapplicable in suits against Guam Memorial Hospital itself."

The decision in Manibusan was a result of an analysis of Public 14-29, the "Guam Memorial Hospital Act", and especially an analysis of the legislative history and intent of Public Law 14-29. A plain reading of the Hospital Act does not result in the Government Claims Act being applicable to Hospital employees while inapplicable to claims against the Hospital itself, and there is no indication in the legislative history that this result was intended. To the contrary, the legislative history reflects the concern and intent that the Government of Guam not be liable for the actions of Hospital employees and agents.

The result urged by defendant is an odd one for the liability which the Hospital has under Manibusan largely flows from the acts of its employees and agents. It would be an absurd result if a plaintiff were allowed to proceed via the Claims Act against Government of Guam and against an autonomous instrumentality of the Government of Guam, the Hospital, for the same negligent acts of the same employee. There is no indication the legislature intended such double recovery.

A second ground exists for denial of defendants' motions. Even if the Claims Act were applicable to the defendants, it does not result in a dismissal as urged by the defendants. Thus it is not necessary to decide if §6500.13(e) and (b)

88

provide an independent basis of Government liability for "health care professionals" from that of being an agent or employee of the hospital. The Government Claims Act does not immunize or indemnify Government employees, rather it waives the sovereign immunity of the Government of Guam on certain terms. It provides that a plaintiff may have judgment or settlement against either the individual or the Government, but not both (except in certain situations set forth in §6500.20, see Paulin v. Government of Guam, Superior Court Civil Case No. 842-78, Decision of February 11, 1980.)

Thus, the lack of a filing with the Attorney General as shown by defendants' affidavits does not immunize these defendants. If the Claims Act did apply, then in the absence of a claim there could be no settlement or judgment against the Government and thus no bar to this action against the individual.

The motion is denied.

IT IS SO ORDERED.